\*\*Original filed 8/3/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIS LORENZO LOCKETT, ) | No. C 05-5118 JF (PR) |
| Petitioner, ) | ORDER TO SHOW CAUSE |
| vs. ) | |
| DERRAL G. ADAMS, Warden, ) | |
| Respondent. ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The Court orders Respondent to show cause why a writ of habeas corpus should not be granted.

**BACKGROUND**

An Alameda Superior Court jury convicted Petitioner of murder (Cal. Penal Code § 187) in 2002. Petitioner was sentenced to seven years-to-life in state prison. Petitioner appealed his conviction. The state appellate court affirmed the judgment on July 6, 2004. The state supreme court denied a petition for review on October 13, 2004. Petitioner filed the instant federal habeas petition on December 12, 2005.

\\\

**DISCUSSION**

A.  Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.  Petitioner's Claims

Petitioner alleges the following claims for federal habeas relief: (1) the trial court's unsupported conclusion that the twenty-five year delay in prosecuting Petitioner was not prejudicial requires a remand for a full and fair hearing on Petitioner's motion that the due process clause mandates dismissal of the information; (2) Petitioner was denied his Sixth Amendment right to effective assistance of counsel at trial by counsel's failure to object to the admission of crucial hearsay evidence on the ground that it violated his right to confrontation which severely prejudiced Petitioner's defense and resulted in a trial that was fundamentally unfair in violation of the Fifth and Fourteenth Amendment Due Process; (3) the trial court violated Petitioner's Sixth Amendment right of confrontation and due process right to present a defense by excluding evidence crucial to impeachment of the key prosecution witness; (4) the trial court violated Petitioner's right to a jury trial by instructing the jury to inform on each other, per CALJIC No. 17.41.1, which was not the law at the time of the offense and has since been disapproved; and (5) the cumulative effect of the errors so infected the trial with unfairness as to make petitioner's conviction a denial of due process. Liberally construed, Petitioner's allegations are sufficient to require a response. Respondent must show cause why the petition for a writ of habeas corpus should not be granted.

\\\

**CONCLUSION**

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto (docket no. 1) upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."

\\\
\\\
\\\

Petitioner must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

   IT IS SO ORDERED.

DATED: 8/3/06

/S/
JEREMY FOGEL
United States District Judge

1  A copy of this order was mailed to the following:

2

3  Ellis Lorenzo Lockett
   T-64311/ E2-243
4  CSATF
   P.O. Box 5242
5  Corcoran, CA  93212

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order to Show Cause
P:\pro-se\sj.jf\hc.05\Lockett118osc           5